IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
: CASE NO. 1:09 CV 1760
KATHLEEN G. KUNKLE, :
:
Plaintiff, : <u>MEMORANDUM OF OPINION AND</u>
: <u>ORDER GRANTING THE</u>
-vs- : <u>DEFENDANTS' MOTIONS TO DISMISS</u>
: <u>ALL CLAIMS AGAINST GOVERNOR</u>
: <u>STRICKLAND, STATE CLAIMS</u>
TED STRICKLAND, : <u>AGAINST ALL ODRC DEFENDANTS,</u>
Defendant. : <u>AND TITLE VII CLAIMS AGAINST</u>
------------------------------------------------------- <u>INDIVIDUALLY NAMED STATE</u>
<u>SUPERVISOR DEFENDANTS</u>


UNITED STATES DISTRICT JUDGE LESLEY WELLS

The plaintiff Dr. Kathleen G. Kunkle brought this employment discrimination suit alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (Docket No. 1 at 19). Jurisdiction exists over these claims pursuant to 28 U.S.C. § 1331. (Docket No. 1 at 1). Dr. Kunkle brings additional state law discrimination claims under O.R.C. § 4112.02, (Docket No. 1 at 18), which are here apparently pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367. The named defendants in this suit include Governor Ted Strickland, the Ohio Department of Rehabilitation and Correction, Director Terry J. Collins, Assistant Director Ernie Moore, Mansfield Correctional Institution, Warden Keith Smith, Warden Stuart Hudson, Deputy Warden John Hendershot, Dr. Robert Hammond, Dr. Robyn Hoffman, Dr. Ellen Stark, Maj.

Ralph Harris, and Lt. Thomas Iceman (collectively, "the Defendants"). (Docket No. 1 at 4-6).

This order involves what amounts to three dismissal motions. First, Gov. Strickland motions the Court to dismiss the plaintiff's state claims on the grounds of sovereign immunity. (Docket No. 3). He further maintains that the plaintiff's federal claims should be dismissed for failure to state a claim upon which relief can be granted. (Docket No. 3). Second, the remaining defendants[1] (collectively, "the ODRC defendants") separately move for dismissal of Dr. Kunkle's state law claims, by asserting sovereign immunity. Third, the individually named employees of the Ohio Department of Corrections and Rehabilitation and the Mansfield Correctional Institute[2] (collectively, "the State Supervisor Defendants") separately move for dismissal of Dr. Kunkle's Title VII claims for failure to state a claim upon which relief can be granted. (Docket No. 5).

For the reasons that follow, the Court will grant Governor Strickland's motion and dismiss the claims against him, and the Court will grant the motions of the ODRC defendants and the State Supervisor Defendants. Not considered by this order and

---

[1] The ODRC defendants include the Ohio Department of Rehabilitation and Correction, Mansfield Correctional Institution, Director Terry J. Collins, Assistant Director Ernie Moore, Warden Keith Smith, Warden Stuart Hudson, Deputy Warden John Hendershot, Dr. Robert Hammond, Dr. Robyn Hoffman, Dr. Ellen Stark, Maj. Ralph Harris, and Lt. Thomas Iceman.

[2] The State Supervisor Defendants include Director Terry J. Collins, Assistant Director Ernie Moore, Warden Keith Smith, Warden Stuart Hudson, Deputy Warden John Hendershot, Dr. Robert Hammond, Dr. Robyn Hoffman, Dr. Ellen Stark, Maj. Ralph Harris, and Lt. Thomas Iceman

thus surviving are Dr. Kunkle's Title VII claims against the Ohio Department of Rehabilitation and Corrections and the Mansfield Correctional Institution.

**I. Background**

The plaintiff Dr. Kathleen Kunkle, a licensed psychologist employed by the Ohio Department of Rehabilitation and Correction ("ODRC"), provides clinical and psychotherapeutic services to inmates at the Mansfield Correctional Institution ("ManCI"). (Docket No. 1, ¶¶4,7). Some of the inmates with whom Dr. Kunkle interacts reside in ManCI's control units. (Docket No. 1, ¶4). These inmates require intensive supervision due to suicidal tendencies or disciplinary and security problems. (Docket No. 1, ¶4). Dr. Kunkle alleges that control unit inmates frequently threaten and harass her and engage in other offensive behaviors that prevent her from adequately doing her job at ManCI. (Docket No. 1, ¶23). The plaintiff states that she has properly reported these incidents to her supervisors and has repeatedly requested that the issue be addressed. (Docket No. 1, ¶5). She alleges that her complaints have fallen on deaf ears and that the defendants have failed to enforce policies that curtail these practices. (Docket No. 1, ¶5). Dr. Kunkle claims that the defendants' failure to properly address these problems amounts to gender based discrimination and sexual harassment. (Docket No. 1, ¶5).

In 2008, Dr. Kunkle filed three charges of discrimination and retaliation with the EEOC and the Ohio Civil Rights Commission. (Docket No. 1, ¶6). She alleges that in response to this filing the defendants took adverse employment action of a retaliatory

3

nature. In particular, Dr. Kunkle alleges that the ManCI warden threatened her with discharge; the defendants intimidated her; she was demoted; the defendants issued an unwarranted and atypical performance evaluation; the defendants demanded a mandatory psychological assessment; the defendants placed her on temporary administrative leave; and they placed her in harms way by not offering security to assist her in carrying out her job. (Docket No. 1, ¶6). Dr. Kunkle alleges that these acts amount to violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq, and the Ohio Revised Code §§ 4112.02(A),(I) & (J). (Docket No. 1 at 1). She seeks injunctive, declaratory, and equitable relief for damages. (Docket No. 1 at 1, 21).

**II. Law and Analysis**

**A. State Law Claims as to All Defendants**

Dr. Kunkle has alleged violations of state law under O.R.C. §§ 4112.02(A), (I), and (J), which she brings purportedly pursuant to the Court's supplemental jurisdiction, 28 U.S.C. § 1367. The complaint does not clearly indicate whether she sues the defendants in their official or individual capacities or both. But, whatever the case, all defendants insist that the Court must dismiss these claims. They maintain that, if this is an official capacity suit, dismissal is proper because the Eleventh Amendment immunizes them in this context. (Docket No. 3 at 3-4). On the other hand, if Dr. Kunkle is suing the defendants in their individual capacities, dismissal is also proper because the Ohio Court of Claims Act, O.R.C. 2743.02(F), requires that state law claims against

4

state officials in their individual capacities must first be filed in the Court of Claims. (Docket No. 3 at 3-4). The Court agrees with the defendants on both points.

*The Propriety of Dr. Kunkle's State Law Claims against All Defendants in their Official Capacities*

The Supreme Court has squarely held that the Eleventh Amendment bars federal courts from exercising jurisdiction over supplemental state law claims against state officials sued in their official capacities. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 120-21 (1984). Because Dr. Kunkle's state law claims fit this description, the Court will be unable to hear them, unless the State of Ohio has waived its sovereign immunity. See Id. at 99. Waiver is only found "where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. 651, 673 (1974).

The State of Ohio has not waived its Eleventh Amendment immunity by enacting O.R.C. § 4112.01, *et seq*, as it is devoid of any express language or overwhelming implication of waiver. See Mackey v. Cleveland State. Univ., 837 F.Supp. 1396, 1403 (N.D. Ohio 1993). Even though Ohio explicitly waived its immunity to suit in its own courts under O.R.C. § 4112.01, *et seq*, this does not amount to a waiver of its immunity in federal court. Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459, 465 (1945). Therefore, this Court may not exercise jurisdiction over Dr. Kunkle's supplemental state law claims against the defendants being sued in their official capacities.

Dr. Kunkle nonetheless argues that the Court should deny the defendants' motion. (Docket No. 6-1). She maintains that the Pennhurst rule should not apply in the present case, because "Congress has provided a comprehensive federal process for adjudicating employment discrimination, which was clearly intended to operate without undue interference from state proceedings." (Docket No. 6-01 at 2). According to Dr. Kunkle, the existence of this comprehensive federal process requires that the Court retain jurisdiction over her related state claims, essentially for reasons of policy, such as judicial economy, convenience, and fairness to the litigants. (Docket No. 6-1 at 2-3). The Pennhurst Court rejected this precise argument, noting that "such considerations of policy cannot override the constitutional limitation on the authority of the federal judiciary to adjudicate suits against a state." Pennhurst, 465 U.S. at 123 (citing Missouri v. Fiske, 290 U.S. 18, 25-26 (1933)). This Court, accordingly, does the same.

Therefore, insofar as Dr. Kunkle's state law claims are brought against the defendants in their official capacities, the Court will dismiss them for lack of subject matter jurisdiction.

*The Propriety of Dr. Kunkle's State Law Claims Against All Defendants in their Individual Capacities*

All defendants seek dismissal of Dr. Kunkle's state law claims against them in their individual capacities, on the grounds that Ohio law requires Dr. Kunkle to first file such a suit in the Ohio Court of Claims pursuant to O.R.C. § 2743.02(F).

6

When exercising supplemental jurisdiction over state law claims this court must follow the substantive law of the forum state. See Guaranty Trust Co. v. York, 326 U.S. 99, 108-09 (1945). The law of this state "requires that, as a condition precedent to asserting a cause of action against a state employee in his individual capacity, the Court of Claims must first determine that the employee is not entitled to the immunity provided for in Revised Code section 9.86. " Haynes v. Marshall, 887 F.2d 700, 705 (6th Cir. 1989). Ohio Rev. Code § 2743.02(F) describes this condition precedent::

> A civil action against an officer or employee . . . that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.*

O.R.C. § 2743.02(F). Dr. Kunkle has not fulfilled the condition precedent of this statute, and accordingly, does not advance a cause of action upon which relief can be granted. See Haynes, 887 F.2d at 705. Any claim that Dr. Kunkle may have against the defendants in their individual capacities is within the exclusive jurisdiction of the Ohio Court of Claims. Therefore, to the extent that Dr. Kunkle sues the defendants in their individual capacities, the Court must dismiss her state law causes of action as to all defendants, for failure to state a claim upon which relief can be granted.

### B. Federal Claims as to Governor Strickland

Governor Strickland maintains that Dr. Kunkle's Title VII claims against him should be dismissed for failure to state a claim upon which relief can be granted under

7

Federal Rule of Civil Procedure 12(b)(6). (Docket No. 3 at 5). When ruling on a 12(b)(6) motion, the Court must construe the complaint in a light most favorable to the plaintiff, accept all her factual allegations as true, and draw all reasonable inferences in her favor. Dubay v. Wells, 506 F.3d 422, 427 (6th Cir.2007). The Court must determine whether the plaintiff's factual allegations present a plausible claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007). To be considered plausible, a claim must be more than merely conceivable. Id.; Assoc. Of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007). Although a complaint's factual allegations need not be detailed, they "must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic, 550 U.S. at 553-56. See also Sensations, Inc. v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir.2008).

Dr. Kunkle alleges the following facts related to Gov. Strickland: "Ted Strickland, Governor of Ohio. The Director of DRC reports directly to the Governor's office. The Governor appoints the Director of DRC. The Governor's office has ultimate authority over policies and implementation at DRC." (Docket No. 1, ¶9).

Accepting these allegations as true and drawing all reasonable inferences in Dr. Kunkle's favor, the Court finds that she does not present a plausible claim under Title VII against Gov. Strickland. It may be true that the Governor has ultimate authority over policies and implementation at the ODRC, but the complaint offers no legal or factual basis that would equate his "ultimate authority over policies and implementation" with civil liability under Title VII in this instance. Dr. Kunkle simply has not connected, in any legally significant way, the acts of alleged discrimination that occurred at ManCI with Gov. Strickland.

8

Furthermore, while Gov. Strickland noted this deficiency, as well as Dr. Kunkle's failure to designate the Governor as an "employer" for purposes of Title VII, she did not address these deficiencies in her opposition, nor did she attempt to remedy them by amending the complaint.  Therefore, because her entitlement to relief with respect to Gov. Strickland does not rise above a speculative level, the Court will dismiss Dr. Kunkle's Title VII claims against Gov. Strickland, for failure to state a claim upon which relief can be granted.

### C. Title VII Claims as to the State Supervisor Defendants

The individually named State Supervisor Defendants move for dismissal of Dr. Kunkle's Title VII claims, for failure to state a claim upon which relief can be granted.  Although it is not clear whether these defendants seek dismissal of the federal claims against them in their individual or official capacities, the Court will address both issues.

As noted above, when ruling on a 12(b)(6) motion the Court must construe the complaint in a light most favorable to the plaintiff, accept all her factual allegations as true, and draw all reasonable inferences in her favor.  Dubay v. Wells, 506 F.3d 422, 427 (6th Cir.2007).  The Court must determine whether the plaintiff's factual allegations present a plausible claim for relief.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

*Title VII Claims against the State Supervisor Defendants in their Individual Capacities*

With respect to any claims against the State Supervisor Defendants in their individual capacities, the defendants are correct that dismissal is appropriate, as it is clear cut that in this circuit an individual employee/supervisor may not be held personally liable under Title VII.  Bangas v. Potter, 145 F. App'x 139, 141 (6th Cir.2005). See also Ulmer v. Dana Corp., 115 F. App'x 787, 788 (6th Cir.2004) (affirming district court's reasoning that "Title VII does not encompass claims against supervisors in their individual capacities"); Creusere v. James Hunt Constr., 83 F. App'x 709, 711 (6th Cir.2003) ("Title VII does not permit employees and supervisors to be sued in their individual capacities"); Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir.1997) ("an individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII.").  Therefore, insofar as Dr. Kunkle's brings her Title VII claims against the State Supervisor Defendants in their individual capacities, those claims must be dismissed.

*Title VII Claims against the State Supervisor Defendants in their Official Capacities*

Whether Dr. Kunkle's Title VII claims against the State Supervisor Defendants in their official capacities may proceed appears to be an open question in the Sixth Circuit. While the Court of Appeals has stated that "there is support for the proposition that a supervisor may be held liable in his or her official capacity [for violations of Title VII] upon a showing that he or she could be considered the 'alter ego' of the employer," it

10

explicitly noted in its opinion that it was not ruling on the issue. See Little v. BP Exploration & Oil Co., 265 F.3d 357, 362 n. 2 (6th Cir.2001). Other district courts have noted the gap in the law of this circuit. See Meade v. Ohashi Tecnica U.S.A., Inc., 2:08-cv-959, 2009 WL 2431009, at *3 (S.D. Ohio August 6, 2009); Butler v. Cooper-Standard Auto. Inc., No. 3:08-cv-162, 2009 WL 455337, at *17 (N.D.Ohio February 23, 2009) ("The Sixth Circuit . . . has left open the possibility that 'a supervisor may be held liable on his or her official capacity . . . .'")(quoting Little, 265 F.3d at 362 n. 2)).

While the law in this area is apparently unsettled, the Court need not resolve the issue, as it may dispose of these claims on other grounds. Because the plaintiff has sued the individually named State Supervisor Defendants as agents of ODRC and ManCI (see Docket No. 1, ¶73), any potential liability they incurred in their official capacities runs directly to these entities. See Wilson v. Nutt, No. 96-6683, 1998 WL 30813, at *1 (6th Cir. January 22, 1998)("When a person says he is suing a public official in his 'official capacity,' that term is being utilized as shorthand for the government agency to which the plaintiff is looking for recovery)(citing Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir.1994)).

Therefore, Dr. Kunkle's official capacity claims against the State Supervisor Defendants are, in essence, duplicative claims against ODRC and ManCI. Her claims against the individual State Supervisor Defendants provide no potential right to relief that she does not already have, as ODRC and ManCI have conceded that the plaintiff's Title VII claims against them can go forward. (See Docket No. 8 at 1). This ruling will not disturb the allegations Dr. Kunkle has advanced against the individually named defendants, and any right to relief she may have as a result will remain imputed to

11

ODRC and ManCI.  As such, there is little to be gained by maintaining these claims, and nothing to be lost by dismissing them.  While not required, dismissal of the redundant claims is permissible.  See Miller v. Rudd, No. C2-97-317, 2001 WL 242588, at *11 (S.D. Ohio February 6, 2001)(collecting cases permitting dismissal of official capacity claims); see also Thanongsinh v. Bd. of Educ., 462 F.3d 762, 771 (7th Cir. 2006)(recognizing without discussion that district court had dismissed official capacity Title VII claim against an individual as redundant and synonymous with claim against employer); Collins v. Meike, 52 F. App'x 835, 836 (7th Cir. 2002) (same); Norman v. FPL Foods, LLC, No. CV 109-029, 2009 WL 1904577, at *2 (S.D.Ga. July 1, 2009) ("[I]n a Title VII action, a court properly dismisses employees sued in their official capacities where the plaintiff also properly names his employer as a defendant.").  The Court, therefore, will dismiss Dr. Kunkle's duplicative Title VII claims against the individually named State Supervisor Defendants.

**II. Conclusion**

For the foregoing reasons, the Court grants Gov. Strickland's motions to dismiss Dr. Kunkle's state law and Title VII claims; the Court grants the ODRC defendants' motion to dismiss Dr. Kunkle's state law claims; and the Court grants the individually named State Supervisor Defendants' motion to dismiss Dr. Kunkle's Title VII claims. Dr. Kunkle's Title VII claims against the ODRC and ManCI survive this order.

IT IS SO ORDERED.

       /s/ Lesley Wells
   UNITED STATES DISTRICT JUDGE

Date: 10 December 2009